UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEB D. DURAND,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | No. EDCV 05-909 FFM<br><br>MEMORANDUM OPINION; ORDER THEREON |

Plaintiff filed a complaint on October 6, 2005, seeking review of the Commissioner's denial of plaintiff's application for social security disability insurance benefits and supplemental security income payments. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on June 29, 2006. Thus, this matter now is ready for decision.

This memorandum opinion shall constitute the Court's findings of fact and conclusions of law.

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal and or remand are as follows:

///

1. Whether the vocational expert testimony accepted by the Administrative Law Judge conflicts with the Dictionary of Occupational Titles; and

2. Whether the Administrative Law Judge properly developed the record.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

Both of the issues raised in the Joint Statement relate to an alleged reaching limitation of plaintiff. With respect to physical impairments, the Administrative Law Judge ("ALJ") relied on the reports of Dr. Gerson, a consultative examiner. Dr. Gerson provided a narrative report (AR 225-229) and completed the Medical Source Statement of Ability to Do Work Related Activities (Physical) form (AR 232-235). The two reports are inconsistent in at least one respect: whereas the narrative report does not mention a reaching limitation, the form states that plaintiff has manipulative limitations in that he is limited in "reaching all directions (including overhead)." The

1 | extent and severity of the limitation are not expressed.

2 |     At the hearing, the ALJ's hypothetical to the vocational expert contained a reaching limitation. (AR 322-23). The specific reaching limitation described by the ALJ was occasional reaching with the left upper extremity above shoulder level (AR 323). The vocational expert provided three examples of jobs in the national economy that plaintiff could perform: hand packer; assembler; and laundry laborer (AR 323-24). With respect to hand packer and laundry laborer, the Dictionary of Occupational Titles ("DOT") states that these positions require "constant reaching" and "frequent reaching," respectively. (See Exhibits A and B to Joint Stipulation). Given the number of "assembly" jobs in the DOT, it is unclear to what extent the particular jobs envisioned by the vocational expert also require reaching. Neither the vocational expert nor the ALJ provided any explanation for deviating from the DOT as to the listed job requirements. *See Light v. Social Security Administration*, 119 F.3d 789, 793 (9th Cir. 1997) ("Evidence sufficient to permit [a deviation from the DOT] may be either specific findings of fact regarding the claimant's residual functionality . . . or inferences drawn from the context of the expert's testimony.")

    Defendant contends that the vocational expert's failure to explain the discrepancy was harmless, because the ALJ's decision did not include a finding of a reaching limitation. However, the decision did not reject Dr. Gerson's finding. The alleged limitation is simply not addressed in the decision at all. Moreover, the fact that the ALJ included a reaching limitation in his hypothetical suggests that he attached some credibility to the form report. Because the reaching limitation, which was not addressed in the decision, was included in the hypothetical posed to the vocational expert and supported by the record, the Court cannot conclude that the vocational expert's failure to account for the discrepancies between his findings and the DOT's requirements was harmless.

///

///

In addition, given the ALJ's reliance on Dr. Gerson's reports, some additional inquiry should have been made before rejecting Dr. Gerson's finding of a reaching limitation. Although plaintiff did not testify as to a reaching limitation, he was not asked about it at the hearing. Therefore, the only evidence that plaintiff did not have such a limitation was Dr. Gerson's failure to mention it in his narrative report.

It is well established that the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. This special duty exists even when a claimant is represented by counsel. *See Brown v. Heckler*, 713 F.2d 441, 443 (9th Cr. 1983). Under the Commissioner's regulations, both the disability benefits claimant and the Social Security Administration ("SSA") bear a regulatory responsibility for developing the evidentiary record. The claimant must produce medical evidence showing that he has an impairment, and how severe that impairment is during the time the claimant claims to be disabled. 20 C.F.R. §§ 404.1512(c) (applicable to claims for disability benefits) and 406.912(c) (applicable to claims for SSI benefits). Nonetheless, if it appeared to the ALJ that Dr. Gerson's report was incomplete or ambiguous, the ALJ should have inquired further from the consultative examiner. His failure to do so constituted a violation to fully and fairly develop the record. *See, e.g., Smollen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *Baker v. Richardson*, 327 F. Supp. 349, 351 (M.D. Fla. 1971).

## ORDER

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), it is ordered that judgment be entered reversing the decision of the Commissioner of Social Security, and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

DATED: October 5, 2006                 /S/ Frederick F. Mumm
                                       FREDERICK F. MUMM
                                       United States Magistrate Judge