UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CENTRAL DIVISION

| | |
|---|---|
| JEB D. DURAND,<br><br>       Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration,<br><br>       Defendant. | Case No. EDCV 05-909 FFM<br><br>ORDER AWARDING ATTORNEY<br>FEES PURSUANT TO 42 U.S.C. §406(b) |

## **I. INTRODUCTION**

On April 30, 2004, United States Magistrate Judge Frederick F. Mumm ordered that Plaintiff's application for Social Security benefits be remanded to the defendant Commissioner for further administrative proceedings.  After remand, the Social Security Administration awarded Plaintiff $34,810 in back benefits.  Now pending before the Court is the petition of Plaintiff's counsel, Bill LaTour, for attorney fees in the amount of $8,702.50 for his representation of Plaintiff in this matter.

Defendant filed a response which neither opposes nor supports the petition. Rather, Defendant's position is only that the requested fee must be "reasonable" under the guidelines enunciated in *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).  After careful consideration, the Court finds in this

case that $8,702.50 for 12.5 hours of work by Plaintiff's counsel and 6.1 hours of paralegal work is "reasonable."

## II. DISCUSSION AND ANALYSIS

Plaintiff's counsel brings this petition pursuant to 42 U.S.C. §406(b), which provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

In *Gisbrecht*, supra, the Supreme Court resolved a division among the federal circuits on the appropriate method of calculating attorney fees under §406(b). Rejecting the "lodestar method" which several of the circuits (including the Ninth Circuit) had been applying, the Supreme Court held:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is **reasonable for the services rendered**.

535 U.S. at 807 (emphasis added, footnotes omitted).

/ / /

In determining whether the $8,702.50 award sought by Plaintiff's counsel is "reasonable for the services rendered" here, the Court has considered a number of factors. Several of these factors fall in favor of Plaintiff's counsel.

First, under the terms of the contingent fee agreement between Plaintiff and Plaintiff's counsel, Plaintiff's counsel would be entitled to fees corresponding to 25% of the back benefits awarded. Plaintiff agreed to the 25% contingency and the $8,702.50 award sought represents the agreed upon amount. The Court has no basis for finding that there was any fraud or overreaching by counsel in the making of the contingent fee agreement with Plaintiff.

Second, the $8,702.50 award sought by Plaintiff's counsel is not in excess of the 25% statutory limit. Indeed, as stated, the fees sought amount to 25% of Plaintiff's recovery and comport with the terms of the contingent fee agreement between Plaintiff and counsel.

Third, there is no excessive delay attributable to counsel which would unduly increase the back benefits accumulated during the pendency of the case in court.

### III. CONCLUSION

Based upon the foregoing considerations, the Court finds and concludes that the $8,702.50 in fees sought by Plaintiff's counsel is reasonable. The petition for $8,702.50 in gross attorney fees pursuant to 42 U.S.C. §406(b) is **GRANTED**. Upon payment by the Commissioner of $3,402.50 (comprising the $8,702.50 less the $5,300.00 already paid) out of the withheld back benefits, Plaintiff's counsel shall refund to Plaintiff the lesser EAJA fee of $2,600.00 (which Defendant has already paid to Plaintiff's counsel).

**IT IS SO ORDERED.**

DATED: March 11, 2008         /S/ FREDERICK F. MUMM
                              FREDERICK F. MUMM
                              United States Magistrate Judge